IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



| | |
|---|---|
| OSEOLIA HAMBRICK, | |
| Plaintiff, | |
| v. | Civil Action No. 2:21cv 527 |
| SAIA MOTOR FRIEGHT, LLC | |
| Defendant. | COMPLAINT – Title VII of the Civil Rights Act of 1964 ("Title VII") Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA") Interference |
| | Jury Trial Demanded |

## COMPLAINT

The Plaintiff, Oseolia Hambrick (hereinafter "Plaintiff' or "Mr. Hambrick"), files this Complaint against Saia LTL freight. d/b/a Saia Motor freight, LLC, the Defendant (hereinafter "Defendant" or "Saia LTL freight, LLC."), and moves the Court for entry of judgment in his favor against the Defendant, as set forth herein.

### NATUR E OF ACTION

1  Plaintiff, Oseolia Hambrick, brings this action for damages and injunctive relief pursuant to Title VII of the Civil Rights Act of 1964, 42 USC§ 2000e, *et seq.*, Title I of the Civil Rights Act of 1991 and the Disability Discrimination in Employment Act, Disability Act Interference, to redress Defendant's unlawful.

employment discrimination based on his Disability, and retaliation medical regarding discrimination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and Title VII, 42 USC§ 2000e, *et seq.*, as this matter involves a federal question based upon the Civil Rights Act.

3. The Eastern District of Virginia is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because this is the District and Division in which Plaintiff was employed and in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES TO THIS ACTION

4. Plaintiff, Oseolia Hambrick, is an African American, citizen of the United States and a resident of Virginia Beach, Virginia.

5. At all times relevant to the allegations in this Complaint, Mr. Hambrick was an employee of Defendant, employed as a Local Driver/Dock Worker, earning $28.43 per hour. At all times relevant to the allegations in this Complaint, Mr. Hambrick was employed at the Defendant's location in Chesapeake, Virginia.

6. Defendant, SAIA LTL FRIEGHT, is a foreign corporation existing under and by virtue of the laws of the State of Virginia, with its principal place of business in the State of Georgia

7. At all relevant times, Defendant, , was and has been an employer engaged in an industry affecting commerce with fifteen or more employees for each working day in each of twenty or more calendar weeks in each relevant calendar year and meets the definition of "employer" set forth in 42 U.S.C. § 2000e(b).

## PROCEDURAL REQUIREMENTS

8. On June 29,2021, Mr. Hambrick filed a charge of Disability, discrimination, Violation that satisfied the requirement of 42 U.S.C. § 2000e-5 with the Equal Employment Opportunity Commission ("EEOC"). Such charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices in violation of 42 U.S.C. § 2000e-2 occurred.

9. The EEOC issued a Dismissal and Notice of Right to Suit on July 14,2021, which was received by Mr. Hambrick on or about July,14,2021.

## FACTUAL ALLEGATIONS

10. Mr. Hambrick is an African American man who was employed with SAIA LTL FREIGHT, Inc., from June 12, 2017, through 06/29/2021 his position being a Local Driver/Dock Worker. Defendant, SAIA LTL FRIEGHT, Inc., operates numerous locations and Mr. Hambrick was employed at the location at 2701 Trade St, Chesapeake, Virginia 23323.

11. At all times relevant to the allegations in this Complaint, Mr. Hambrick performance met or exceeded Defendant's expectations.

12. On 06/22/2021 Mr. Hambrick Received the Accommodation forms from Saia ltl by FED EX the Forms States that (If you do not provide the supporting medical documentation within 15 days, your request may be administratively closed. The request can be reopened upon receipt of the medical documentation.

13. On 06/29/2021 Mr. Hambrick received an e-mail from HR Manager Jason Bain responded with thank you for reaching out to me. I am sorry to hear that you are refusing to complete the accommodation paperwork that we have requested .and you are unable to return to work. Effective 06/29/2021 we are going to separate your employment from Saia. I wish you the best of luck in your future endeavors.

14. Mr. Hambrick's manager was Jermaine Moses.
15. Mr. Hambrick HR manager was Jason Bain
16. May 21,2021 Mr. Hambrick Received a phone called from his manager Jermaine Moses with the HR. manager on the line listening, Jermaine began telling Mr. Hambrick that his furlough was up, and he had to return to work on Monday 05/24/2021. Mr. Hambrick responded that he was also out on long term Disability, and Worker's compensation. The doctor had him off work.

17. On May 25,2021 Mr. Hambrick texts HR Manager Jason Bain about workers comp Doctor having him off work and he was also out on long-term Disability.

18. May25,2021, Mr. Hambrick received a text message from HR Manager Jason Bain responded stating he will follow up with the Workers' comp team tomorrow and he will be in touch.

19. On May 25, 2021, Manager Jermaine Moses called Mr. Hambrick and said he had to sign a leave of absence Mr. Hambrick told Jermaine he would not sign it because he was out on long term disability and worker's compensation Jermaine e mailed Mr. Hambrick a form stating it is a personal leave of absence, Mr. Hambrick refuse to sign it.

20. On 06/22/2021 Mr. Hambrick e-mailed HR manager Jason Bain to let him know all communication would have to be through email, letting Jason know so there will not be any misunderstandings about the conversation was about in the e mails.

21. On 06/22/2021 Mr. Hambrick Faxed a letter to HR Manager Jason Bain about Prudential Insurance Company. Prudential requested accommodation for Mr. Hambrick to work in the offices last year 09/2020, Prudential notified Mr. Hambrick that SAIA had no job for him in the office. Prudential decided to start paying Mr. Hambrick long term Disability (Crohn's Disease). Saia never notified Mr. Hambrick by mail or phone call about filling out forms about accommodation until 06/22/2021, Approval or denial.

22. On 06/28/2021 HR Manager Jason e-mailed Mr. Hambrick stating. Since you have

4

verbally requested an accommodation to work in an office due to your long-term disability, prior to your CDL disqualification, you will need to complete the ADA accommodation request for review. The ADA accommodation request is not a guarantee of employment but is the next step in the evaluation process. If you are no longer interested in requesting an accommodation and wish to resign your position at Saia, please let me know.

23. On 06/28/2021 Mr. Hambrick responded to HR Manager Jason Bain by e- mail on 06/28/2021 to let him know he never requested anything verbally.

24. On 06/25/2021 Mr. Hambrick e-mail HR manager Jason Bain an attachment letter Mr. Hambrick received from the worker's compensation doctor dated 06/21/2021 stating Mr. Hambrick estimated recovery and expected out of work status is between 3 to 6 months.

25. There are e-mail from Saia benefits department about Mr. Hambrick disability concerning Crohn's disease and time off work dates of e-mail 09/01/2020 and 09/02/2020.

26. There's nothing in Saia LTL policy that states that if you fail to complete accommodation form you be terminated. Nor is it on the request accommodation forms.

27. HR Manager Jason Bain was aware of Mr. Hambrick Crohn's Disease because Mr. Hambrick would have his FMLA paperwork fill out by his Gastroenterology Doctor complete his forms of how serious he's condition is, and it also states stress can make his condition worse. Forms Return to HR Manager dates 06/15/2018 ,06/27/2018, 08/30/2018, 10/01/2018 ,04/26/2019 ,06/2/2020.

28. Mr. Hambrick summited his short-term disability forms to Saia Benefits department on 09/01/2020. Mr. Hambrick has e-mails from Jamie foret from Saia benefits department in 09/2020 about Mr. Hambrick disability.

29. There's nothing in Saia LTL policy that states if you fail to complete accommodation form you be terminated. Nor is it on the request accommodation forms.

30. Hr. Manager Jason Bain behavior was malicious, intentional, or recklessly or callously indifferent to protected rights of Mr. Hambrick. As a result, Mr. Hambrick has Been Fired and loss of income and medical benefits, incurred pain and suffering, and mental and emotional distress.

## COUNT I: DISABILITY DISCRIMINATION

31. Mr. Hambrick repeats, realleges and repleads all allegations set forth in paragraphs 1 through 30 inclusive, in this count as though he same were fully and specifically set forth in detail.

32. On 06/28/2021 Hr. Manager Jason Bain e-mailed Mr. Hambrick stating. Since you have verbally requested an accommodation to work in an office due to your long-term disability, prior to your CDL disqualification, you will need to complete the ADA accommodation request for review. The ADA accommodation request is not a guarantee of employment but is the next step in the evaluation process. If you no longer interested in requesting an accommodation and wish to resign your position at Saia, please let me know.

33. On 06/28/2021 Mr. Hambrick responded to HR Manager Jason Bain by e- mail on 06/28/2021 to let him know he never requested anything verbally.

34. on 06/25/2021 Mr. Hambrick e-mail HR manager Jason Bain an attachment letter Mr. Hambrick received from the worker's compensation doctor dated 06/21/2021 stating Mr. Hambrick estimated recovery and expected out of work status is between 3 to 6 months.

35. On 06/22/2021 Mr. Hambrick Received the Accommodation forms from Saia ltl by FED EX the Forms States that (If you do not provide the supporting medical documentation within 15 days, your request may be administratively closed. The request can be reopened upon receipt of the medical documentation.

36. Defendant knew Mr. Hambrick has Disability and knew his medical condition. (Work Injury) and (Crohn's Disease).

37. Hr. Manager Jason Bain knew Mr. Hambrick was off work due to his work injury and knew Worker's compensation doctor had Mr. Hambrick off work.

38. Mr. Hambrick summited his short-term disability forms to Saia benefits department on 09/01/2020, Mr. Hambrick has e-mails form Jamie foret from Saia benefits department in 09/2020 about Mr. Hambrick disability.

39. Hr. Manager Jason Bain never notified Mr. Hambrick in writing or phone call in 2020 about accommodation regarding his (Crohn's Disease) that Prudential Insurance requested in 09/2020.

40. 05/21/2021 HR Manager Jason Bain tried to force Mr. Hambrick back to work.

41. On 06/ 21,2021 Mr. Hambrick received a phone called from his manager Jermaine Moses with the HR manager on the line listening, Jermaine Moses began telling Mr. Hambrick that his furlough was up, and he had to return to work on Monday 05/24/2021.Mr Hambrick responded with he was also out on long term

disability, and Workers Compensation. the doctor had not released him back to work.

42. HR Manager Jason Bain was aware of Mr. Hambrick Crohn's Disease because Mr. Hambrick would have his FMLA paperwork fill out by his Gastroenterology Doctor complete his forms of how serious he's condition is, and it also states stress can make his condition worse. Forms Return to HR Manager dates 06/15/2018 ,06/27/2018, 08/30/2018, 10/01/2018 ,04/26/2019 ,06/2/2020.

43. There's nothing in Saia LTL policy that states if you fail to complete accommodation form you be terminated. Nor is it on the request accommodation forms.

44. On 06/29/2021 Mr. Hambrick received an e-mail from Hr. manager Jason Bain responded with thank you for reaching out to me. I am sorry to hear that you are refusing to complete the accommodation paperwork that we have requested. And you are unable to return to work. Effective 06/29/2021 we are going to separate your employment from Saia. I wish you the best of luck in your future endeavors.

.       45. Defendant knowingly and willfully discriminated against Mr. Hambrick based on his Disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and Title I of the Civil Rights Act of 1991 to correct unlawful employment discrimination based on disability Act.

## COUNT II: HARASSMENT

46. Mr. Hambrick repeats, realleges, and repleads all allegations set forth in paragraphs 1 through 45 inclusive, in this count as though the same were fully and specifically set forth in detail.

47. Defendant was Mr. Hambrick Hr. Manager and Mr. Bain was acting as an agent of and on behalf of Saia ltl when he committed the inappropriate, wrongful, and illegal acts. Alleged in this complaint.

48. On 06/25/2021 Mr. Hambrick e-mail HR manager Jason Bain an attachment letter Mr. Hambrick received from the worker's compensation doctor dated 06/21/2021 stating Mr. Hambrick estimated recovery and expected out of work status is between 3 to 6 months.

49. On 06/28/2021 Hr. Manager Jason Bain e-mailed Mr. Hambrick stating. Since you have verbally requested an accommodation to work in an office due to your long-term disability, prior to your CDL disqualification, you will need to complete the ADA accommodation request for review. The ADA accommodation request is not a guarantee of employment but is the next step in the evaluation process. If you no longer interested in requesting an accommodation and wish to resign your position at Saia, please let me know.

50. On 06/29/2021 HR Manager Jason Bain e-mail Mr. Hambrick responded with thank you for reaching out to me. I am sorry to hear that you are refusing to complete the accommodation paperwork that we have requested. And you are unable to return to work. Effective 06/29/2021 we are going to separate your employment from Saia. I wish you the best of luck in your future endeavors.

51. On 05/21/2021 HR Manager Jason Bain tried to force Mr. Hambrick back to work Against workers compensation Doctor's orders.

52. 05/25/2021 HR Manager Jason Bain tried to get Mr. Hambrick manager Jermaine

Moses to force Mr. Hambrick to sign a personal leave of absence form.

53. Mr. Hambrick was terminated for Refusing to complete accommodation form that is not in Saia ltl policy.

### COUNT III: RETALIATION

54. Mr. Hambrick repeats, realleges, and repleads all allegations set forth in paragraphs 1 through 53 inclusive, in this count as though the same were fully and specifically set forth in detail.

55. Defendant was Mr. Hambrick Hr. Manager and Mr. Bain was acting as an agent of and on behalf of Saia ltl when he committed the inappropriate, wrongful, and illegal acts. Alleged in this complaint.

56. On 06/25/2021 Mr. Hambrick e-mail HR manager Jason Bain an attachment letter Mr. Hambrick received from the worker's compensation doctor dated 06/21/2021 stating Mr. Hambrick estimated recovery and expected out of work status is between 3 to 6 months.

57. On 06/28/2021 Hr. Manager Jason Bain e-mailed Mr. Hambrick stating. Since you have verbally requested an accommodation to work in an office due to your long-term disability, prior to your CDL disqualification, you will need to complete the ADA accommodation request for review. The ADA accommodation request is not a guarantee of employment but is the next step in the evaluation process. If you no longer interested in requesting an accommodation and wish to resign your position at Saia, please let me know.

58. On 06/29/2021 HR Manager Jason Bain e-mail Mr. Hambrick responded with thank you for reaching out to me. I am sorry to hear that you are refusing to complete the accommodation paperwork that we have requested. And you are unable to return to work. Effective 06/29/2021 we are going to separate your employment from Saia. I wish you the best of luck in your future endeavors.

59. On 05/21/2021 HR Manager Jason Bain tried to force Mr. Hambrick back to work Against workers compensation Doctor's orders.

60. 05/25/2021 HR Manager Jason Bain tried to get Mr. Hambrick manager Jermaine Moses to force Mr. Hambrick to sign a personal leave of absence form.

61. Mr. Hambrick was terminated for Refusing to complete accommodation form that is not in Saia ltl policy.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Title I of the Civil Rights Act of 1991 and the Disability Discrimination, in Employment Act of 1967, Retaliation, violation to correct unlawful employment discrimination based on Disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendant as follows:

62. Appropriate declaratory relief declaring the acts and practices of Defendant to have been in violation of Mr. Hambrick's rights as secured by Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, the Disability Discrimination in Employment Act of 1967, Act Interference, and preventing future discriminatory practices.

63. Permanently enjoin Defendant, its assigns, successors, agents, employees, and those acting in concert with them from engaging in discrimination against employees.

64. For appropriate compensatory damages against Defendant for violations of Title VII of the Civil Rights Act of 1964 and the Disability Discrimination in Employment Act of 1967 Act Interference. in amounts no less than $300,000.

For awards of back pay and Future payment, prejudgment interest and appropriate recovery for days lost.

65. For an award of Punitive damages in the amount of $2,500,000.

66. For an award to Plaintiff of his ' fees, and costs incurred in this action, together with witness fees and expenses.

13

67. For an award of any additional amounts necessary to offset the adverse tax consequences of an award received in a lump sum.

68. For an award of pre- and post-judgment interest on any monetary award; and

69. For an Order of any other relief this Court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

70. Mr. Hambrick, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury in this action for all claims so triable.

Respectfully Submitted,
Oseolia Hambrick


By: Pro Se *Oseolia Hambrick*
1385 Pine Cone Cr Apt 100      9-21-2021

*Virginia Beach Va 23453*

*Tel:(757)660-6608*

Email:*oseoliah@gmail.com*